OPAL MEARNS, Appellant, v. WILLIAM R. MEARNS, Respondent.— Order directing that motion of defendant for reduction of alimony be referred to an official referee to hear and report thereon, and order denying appellant's motion for resettlement of said order, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

RALPH MIOZZI, as Administrator, etc., of PATSY MIOZZI, Deceased, Respondent, v. ARMSTRONG COAL CO., INC., and HOWARD TURNER, Appellants.— Action for negligence resulting in wrongful death of plaintiff's intestate, a boy fourteen and a half years of age. Order, as resettled, setting aside the verdict of a jury in favor of the defendant, reversed on the law and the facts, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. While we are in agreement with the finding of the learned Trial Term justice that negligence on the part of the defendant driver was established as a cause of the accident, we are of opinion that there was sufficient proof upon which the jury could find that the deceased was guilty of contributory negligence. The jury was entitled to believe the defendants' version that this accident occurred immediately adjacent to the southeasterly corner of a shanty, between which and the railroad tracks to the east the corporate defendant's truck was proceeding in a southerly direction, on a dirt roadway, to the point of the accident. The roadway was narrow and, of necessity, the right-hand side of the truck was in proximity to the easterly side of the shanty. While the driver testified that he did not see the boy until the latter was on his fender, he also testified that immediately prior to the accident he saw a flash come up and hit the bumper, that this flash was the boy, and that the boy came " out in a quick flash." The jury was entitled to find therefrom that the boy had come from behind the shanty without looking and at a quick pace. Contributory negligence could have been predicated upon the facts as found, that reasonable care on the part of a boy of deceased's age required him to peer from behind the obstruction before proceeding or to walk away from the dangerous corner, in another or southerly direction. The reasons assigned by the trial court in its opinion in setting aside the verdict did not involve the credibility of witnesses, but, as the court stated, " Any finding of contributory negligence must, therefore, have been arrived at wholly in conjecture and as a matter of stark speculation." Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Carswell, J., concurs in result.

JAMES MYLES, as Administrator, etc., of HARRIET MYLES, Deceased, Respondent, v. MICHAEL J. REDDY and CARL GUSTAFSON, Defendants, and GEORGE BOGUS-LOFSKY and NOSTRAND HAND LAUNDRY, INC., Appellants.— Action for wrongful death as a consequence of plaintiff's decedent being killed while standing on a sidewalk at a street intersection, as a result of the collision of two trucks. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.